# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEHM, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PALMTREE CLINICAL RESEARCH, INC., <br><br> Defendant. | Case No. 18-cv-0336-BAS-WVG <br><br> **ORDER DENYING DEFENDANT'S RULE 12(b)(1) MOTION TO DISMISS** <br><br> **[ECF No. 7]** |

Pending before the Court is a Rule 12(b)(1) motion to dismiss the Complaint filed by Palmtree Clinical Research, Inc. ("PCR"). (ECF No. 7.) Plaintiff JEHM, LLC ("JEHM") has opposed (ECF No. 8) and PCR has replied (ECF No. 13). For the reasons set forth herein, the Court denies PCR's motion to dismiss.

**I. BACKGROUND**

**A. Factual Background**

JEHM is a California-based clinical research consulting company that assists physicians and medical practices in conducting clinical research trials in San Diego, Inland Empire, and North Los Angeles areas. (Compl. ¶7.) PCR is also a California-based clinical research consulting company, which operates in the Palm Springs area. (*Id.* ¶8.) Clinical research companies like JEHM and PCR connect pharmaceutical companies with physicians for the purpose of conducting clinical trials. (*Id.* ¶9.)

JEHM was formed in September 2017 by four members, two of whom—Erik Hernandez and Michael Gastauer—are minority shareholders, former directors and officers, and former employees of PCR. (*Id.* ¶¶11–13.) Prior to his termination as an employee of PCR by Gerard Bocian (the majority shareholder of PCR), Gastauer established a working relationship with Dr. Rayes, a physician who sought trials for two companies, Merck and Exact. (*Id.* ¶19.) Although the Merck trial had been site-selected for PCR, Bocian allegedly decided PCR would not continue its involvement with Merck due to Gastauer's termination. (*Id* ¶¶20–22.) Thereafter, JEHM agreed to seek site-selection for the Merck and Exact trials. (*Id* ¶22.) After Bocian learned of JEHM's existence and its intent to proceed with the trials, Bocian allegedly contacted Dr. Rayes and told him that he considered the Merck trial to be a PCR trade secret. (*Id.* ¶23.) Bocian threatened legal action against Dr. Rayes and JEHM if Dr. Rayes continued to work on the trial. (*Id.*) JEHM delayed the trial due to these threats. (*Id.* ¶25.) Further, Bocian allegedly claimed that Hernandez and Gastauer were stealing PCR trade secrets and again threatened legal action against JEHM. (*Id.* ¶26.) Bocian has allegedly continued this course of conduct by telling current and prospective clients of JEHM that JEHM has misappropriated PCR's trade secrets and by threatening litigation. (*Id.* ¶¶30(a)–(b), 35.)

### B. Procedural Background

JEHM filed suit on February 12, 2018, alleging two claims for relief under the Declaratory Judgment Act, 28 U.S.C. §2201. (ECF No. 1) JEHM seeks a declaration that it did not misappropriate PCR's trade secrets within the meaning of the Defend Trade Secrets Act, 18 U.S.C. §1836, and invokes federal question jurisdiction on this basis. (Compl. ¶¶1, 33–44, Prayer for Relief (A).) JEHM also seeks a declaration that it did not misappropriate PCR's trade secrets within the meaning of the California Uniform Trade Secrets Act, CAL. CIV. CODE §§3426, *et seq*. (*Id*. ¶¶45–51, Prayer for Relief (B).) JEHM invokes this Court's authority to exercise supplemental jurisdiction over state law claims as the basis for its second claim. (*Id*. ¶1.) JEHM

alleges that it has not misappropriated any trade secrets from PCR, including with respect to customer lists, confidential patient information, a trial list/database, and that PCR's customer lists and trial list/database do not qualify as trade secrets. (*Id.* ¶¶36–43.)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Thus, federal courts have no power to consider claims for which they lack subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The party asserting jurisdiction bears the burden of demonstrating that a cause lies within the limited jurisdiction of the federal courts. *See id. at* 376–78; *see also Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1) if it fails to allege facts sufficient to establish subject matter jurisdiction. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Once a party has moved to dismiss for lack of subject matter jurisdiction, the opposing party bears the burden of establishing the Court's jurisdiction. *See Kokkonen*, 511 U.S. at 377. A Rule 12(b)(1) challenge to jurisdiction may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction, whereas in a factual challenge, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke jurisdiction. *Id*. If in a facial attack to jurisdiction, a court assumes the truth of the allegations in the complaint.

## III. DISCUSSION

PCR moves to dismiss the Complaint under Rule 12(b)(1) on the ground that

JEHM lacks standing to assert its claims for declaratory relief concerning the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §1836, and the California Uniform Trade Secrets Act ("CUTSA"), CAL. CIV. CODE §§3426, *et seq*. (ECF No. 7-1 at 3.)[1] PCR argues that there is no federal question jurisdiction in this case because JEHM cannot assert a DTSA claim and, consequently, the Court cannot exercise supplemental jurisdiction over the CUTSA claim. (*Id.* at 4, 6.) Because PCR facially challenges this Court's jurisdiction solely on the basis of the allegations in the Complaint, the Court assumes the truth of JEHM's allegations. After consideration of PCR's arguments, the allegations in the Complaint, and applicable law, the Court finds that dismissal of the Complaint is not warranted.

### A. The Court Possesses Federal Question Jurisdiction

The Declaratory Judgment Act authorizes courts to "declare the rights and other legal relations of any interested party seeking such declaration" so long as the declaration is sought "in a case of actual controversy within the Court's jurisdiction." 28 U.S.C. §2201(a). The Declaratory Judgment Act creates a federal remedy, but does not provide an independent basis for federal jurisdiction. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983); *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1162 (9th Cir. 2005). Before declaratory relief can be granted, federal subject matter jurisdiction requirements must be satisfied. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). Thus, actions for declaratory relief either must be between parties of diverse citizenship, or must "arise under" federal law.

Here, there is no diversity jurisdiction because JEHM and PCR are both California corporate entities with their principal places of business in California. (Compl. ¶¶5–6.) Accordingly, it is JEHM's burden to establish that one of its

---

[1] PCR also purports to seek dismissal under Rule 12(b)(6). (ECF No. 7-1 at 2.) However, dismissal for lack of subject matter jurisdiction is governed by Rule 12(b)(1), not Rule 12(b)(6). *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

declaratory judgment causes of action "arises under" federal law. The Complaint "expressly states that resolution of its claims" will require this Court to apply the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §1836, and thus presents a "clear indication" that it "present[s] a federal question giving rise to federal subject-matter jurisdiction." *Nationwide Mut. Ins. Co.*, 408 F.3d at 1161; (Compl ¶¶33–44.)

PCR, however, argues that although JEHM asserts federal question jurisdiction on the basis of the DTSA, JEHM lacks Article III standing to assert such a claim. (ECF No. 7-1 at 4.) The basis of PCR's argument is that the DTSA permits only an "owner of a trade secret" to sue for alleged misappropriation. (*Id.* (citing 18 U.S.C. §1836(b), §1839(f).) Because JEHM is not the "owner" of PCR's allegedly misappropriated trade secrets, JEHM does not meet the statutory criteria for asserting a DTSA claim and falls outside the "zone of interest" protected by the DTSA. (*Id.* at 4–5 (citing, inter alia, *Allen v. Wright*, 468 U.S. 737, 750–51 (1984).)

This argument for dismissal is premised on a fundamental misunderstanding of the nature of declaratory relief actions. In declaratory relief actions, whether the claim "arises" under federal law is determined by the nature of the underlying coercive claim, *i.e.* the claim that the declaratory judgment defendant may assert against the declaratory judgment plaintiff. *See Franchise Tax Bd.*, 463 U.S. at 19. If "the *declaratory judgment defendant* could have brought a coercive action in federal court to enforce *its rights*, then [the federal court] has jurisdiction notwithstanding the declaratory judgment plaintiff's assertion of a federal defense." *Janakes v. U.S. Postal Serv.*, 768 F.2d 1091, 1093 (9th Cir 1985) (emphasis added); *see also Standard Ins. Co. v. Saklad*, 127 F.3d 1179, 1181 (9th Cir. 1997) ("A person may seek declaratory relief in federal court if the one against whom he brings his action could have asserted his own rights there."); *Atl. Richfield Co. v. Christian*, CV 15-83-BU-BMM-JCL, 2016 WL 8677253, at *3 (D. Mont. July 8, 2016) (same). It is this standard on which JEHM relies to oppose PCR's motion to dismiss. (ECF No. 8 at 5–6.)

PCR's argument to the contrary repeats the misstatement of law regarding jurisdiction in a declaratory judgment action made by a defendant in an authority PCR claims requires dismissal here. *See Transportation Compliance Assocs. Inc. v. Hammond*, No. 2:11-cv-1602-AJS, 2012 WL 604426, at *4 (W.D. Pa. Feb. 24, 2012) ("Defendant misstates the law with respect to jurisdiction in declaratory judgment actions. Potential defendants can sue under the declaratory judgment act when a federal question is the underlying claim.") (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 504 (1959); *Severe Records, LLC v. Rich*, 658 F.3d 571 (6th Cir. 2011) (holding that a plaintiff suing for a declaration they were not infringing a copyright was a federal question for purposes of declaratory judgment jurisdiction)). The question this Court must ask then is whether PCR—the declaratory judgment defendant in this case—could have asserted its rights under the DTSA in federal court, based on the allegations in the Complaint. Assuming the truth of the Complaint's allegations, it is clear that PCR could have brought a coercive action against JEHM in federal court under the DTSA for alleged misappropriation of its trade secrets. Accordingly, JEHM has properly invoked this Court's federal question jurisdiction.

### B. There Exists an "Actual Controversy"

Although JEHM has shown that there is federal question jurisdiction here, it must still satisfy the Declaratory Judgment Act's requirement there be an "actual controversy" within the court's jurisdiction. 28 U.S.C. §2201(a). An actual controversy exists within the meaning of the Declaratory Judgment Act when the dispute is "definite and concrete, touching the legal relations of parties having adverse legal interests." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Further, the dispute must be "real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts." *Id*. The question is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy,

between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.*

The dispute alleged in the Complaint meets this standard. JEHM alleges that PCR repeatedly asserted that JEHM has misappropriated its trade secrets, in the form of customer lists, confidential patient information, and a trial list/database. (Compl. ¶¶23, 34–35.) The Complaint also alleges that PCR threatened it would file a lawsuit against JEHM for alleged misappropriation related to that activity. (*Id.* ¶¶23, 25–26, 29, 30(a)–(b).) JEHM further alleges that despite PCR's alleged claim that the Merck trial is a PCR trade secret, JEHM has gone forward with the trial and finalized a contract with Merck. (*Id.* ¶28.) JEHM disputes that it has misappropriated PCR's trade secrets and seeks a declaration by identifying specific items it claims not to have misappropriated, either through its conduct or because they do not constitute trade secrets.[2] These allegations show that there is an actual, redressable, and immediate controversy between the parties. *See, e.g.*, *Amazon.com, Inc. v. Nat'l Ass'n of College Stores, Inc.*, 826 F. Supp. 2d 1242, (W.D. Wash. 2011) (finding that there was an actual dispute regarding whether advertisements were allegedly misleading in violation of the Lanham Act); *Patent Trust v. Microsoft Corp.*, 525 F. Supp. 2d 1200, 1219 (S.D. Cal. 2007) (denying motion to dismiss declaratory judgment claim seeking declaratory judgment of non-infringement of patents).

Of course, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ((internal quotation marks and citations omitted); *see also*

---

[2] PCR argues that JEHM has failed to show that there is an actual dispute because of JEHM's allegations that PCR has no trade secrets and that JEHM did not engage in any trade secret misappropriation. (ECF No. 13 at 1–2.) However, it is precisely these allegations which underlie JEHM's claim for declaratory relief. A declaratory judgment plaintiff necessarily views its conduct as *not* violating the relevant law or statute on which a declaratory judgment defendant could have coercively brought suit.

*MedImmune, Inc.*, 549 U.S. at 138. Thus, PCR may able to show at a later stage, by presenting facts, that there is no live controversy over alleged trade secret misappropriation or that it would seek to litigate that issue. *See, e.g., Keith Mfg., Co. v. Butterfield*, No. 3:15-cv-2008-SI, 2016 WL 4134555, at *48 (D. Ore. Aug. 2, 2016) (finding that declaratory judgment defendant's covenant not to sue over alleged patent infringement mooted claim for declaratory judgment of non-infringement); *Crossbow Tech., Inc. v. YH Tech.*, 531 F. Supp. 2d 1117, 1124 (N.D. Cal. 2007) (same).

### C. The Court May Exercise Supplemental Jurisdiction

With federal jurisdiction existing, the Court may properly exercise supplemental jurisdiction over JEHM's CUTSA claim. *See* 28 U.S.C. §1367 ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution . . ."). Indeed, PCR acknowledges that if this Court has federal question jurisdiction, it can exercise supplemental jurisdiction over JEHM's declaratory relief claim concerning CUTSA. (ECF No. 7-1 at 6 ("JEHM's second count also must be dismissed if its first count is dismissed by the Court.").) Accordingly, the Court rejects PCR's request for dismissal of the declaratory judgment claim concerning CUTSA.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** PCR's motion to dismiss. (ECF No. 7.) This dismissal is without prejudice to the ability of PCR to assert a factual challenge to subject matter jurisdiction under Rule 12(b)(1) at a later point in the litigation. PCR is **ORDERED** to file an Answer to the Complaint **no later than May 28, 2018**.

**IT IS SO ORDERED.**

**DATED: April 27, 2018**

Hon. Cynthia Bashant
United States District Judge